UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JENEL FLOUNOURY and<br>JUSTIN FLOUNOURY,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Criminal No.    25cr10014

Violations:

Count One: Conspiracy to Commit Larceny From a Credit Union
(18 U.S.C. § 371)

Count Two: Larceny From a Credit Union
(18 U.S.C. § 2113(b))

Forfeiture Allegation:
(18 U.S.C. § 981(a)(1)(C) and
28 U.S.C. § 2461(c))

## INDICTMENT

At all times relevant to this Indictment:

### General Allegations

1.    Energy Credit Union was a Credit Union located in West Roxbury, Massachusetts whose deposits were then insured by the National Credit Union Administration Board.

2.    JENEL FLOUNOURY was a resident of Brockton, the brother of JUSTIN FLOUNOURY, and was employed at the Energy Credit Union.

3.    JUSTIN FLOUNOURY was a resident of Brockton and the brother of JENEL FLOUNOURY.

### Overview of the Conspiracy

4.    On or before September 24, 2024, Energy Credit Union received a large cash deposit, which JENEL and JUSTIN FLOUNOURY conspired to steal by staging a robbery of the Credit Union.

1

5.      On or about September 24, 2024, JUSTIN FLOUNOURY arranged to travel to the Credit Union, leaving early from his place of employment.

6.      JUSTIN FLOUNOURY, posing as a robber, entered the Credit Union and passed a note to JENEL FLOUNOURY, who was working at the Credit Union, demanding money.

7.      JENEL FLOUNOURY then went to the Credit Union's vault where he loaded a bag with approximately $197,146 in cash, which JENEL FLOUNOURY then delivered to JUSTIN FLOUNOURY.

8.      Following the staged robbery, JUSTIN FLOUNOURY traveled to the residence that he shared with JENEL FLOUNOURY with the proceeds of the staged robbery.

9.      JENEL FLOUNOURY falsely reported to responding authorities that the Credit Union had been robbed by an unknown individual who passed him a note.

10.     Following his shift at the Credit Union, JENEL FLOUNOURY traveled to the residence that he shared with JUSTIN FLOUNOURY.

11.     A search warrant was executed at the residence of JENEL and JUSTIN FLOUNOURY on the night of the robbery.   Over $160,000 in cash was recovered.   The money recovered included ten $100 bills that were known to have been present in the Energy Credit Union vault prior to the staged robbery, because their serial numbers had been recorded by Credit Union employees as being present in the vault.

## Object and Purpose of the Conspiracy

12.     The object of the conspiracy was to commit larceny from the Energy Credit Union.   The principal purpose of the conspiracy was to enrich JENEL and JUSTIN FLOUNOURY by stealing the money of the credit union.

<u>Manner and Means of the Conspiracy</u>

13.    Among the manner and means by which JENEL and JUSTIN FLOUNOURY carried out the conspiracy were the following:

a.    Planning a fraudulent robbery of the Energy Credit Union; and

b.    Staging a fraudulent robbery of the Energy Credit Union.

<u>Overt Acts in Furtherance of the Conspiracy</u>

14.    From in or about a date in September 2024 through in or about September 25, 2024, JENEL and JUSTIN FLOUNOURY committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

a.    Prior to the date of the robbery, JENEL stored a large cash deposit in a section of the Credit Union vault that he could access alone, in violation of Energy Credit Union policy;

b.    On September 24, 2024, JUSTIN posed as a robber, passing a fraudulent robbery note to JENEL;

c.    On September 24, 2024, JENEL provided JUSTIN with approximately $197,146.00 belonging to the Energy Credit Union as part of the staged robbery;

d.    On September 24, 2024, JENEL falsely informed authorities that an unknown individual had robbed the Credit Union;

e.    Following the robbery, JUSTIN travelled to the residence he shared with JENEL with the proceeds of the staged robbery.

3

## COUNT ONE
### Conspiracy to Commit Larceny From a Credit Union
(18 U.S.C. § 371; 18 U.S.C. § 2113(b))

The Grand Jury charges:

15.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-14 of this Indictment.

16.     From a date in or before September 2024 through in or about September 25, 2024, in West Roxbury and Brockton, in the District of Massachusetts, and elsewhere, the defendants,

JENEL FLOUNOURY and
JUSTIN FLOUNOURY,

conspired with each other to commit an offense against the United States, to wit, Larceny From a Credit Union, that is, to take and carry away with intent to steal and purloin approximately $197,146, belonging to and in the care, custody, control, management and possession of the Energy Credit Union, a credit union whose deposits were then insured by the National Credit Union Administration Board, in violation of Title 18, United States Code, Section 2113(b).

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### Larceny From a Credit Union
### (18 U.S.C. § 2113(b))

The Grand Jury further charges:

On or about September 24, 2024, in West Roxbury, in the District of Massachusetts, the defendants,

### JENEL FLOUNOURY and
### JUSTIN FLOUNOURY,

did take and carry away with intent to steal and purloin approximately $197,146 of money, belonging to and in the care, custody, control, management and possession of the Energy Credit Union, a credit union whose deposits were then insured by the National Credit Union Administration Board.

All in violation of Title 18, United States Code, Section 2113(b).

## <u>LARCENY FORFEITURE ALLEGATION</u>
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

1.  Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 371 and/or 2113, set forth in Counts One and Two, the defendants,

JENEL FLOUNOURY and
JUSTIN FLOUNOURY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

2.  If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

MARK GRADY
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: JANUARY 16, 2025
Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK                    01/16/2025

7